UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATHEW SOVA and MARCY SOVA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No.   03:20-cv-323 |
| | ) |
| DEFENDER SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

COMES NOW defendant Defender Services, Inc., by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of the above-captioned action to the United States District Court for the Southern District of Illinois, Benton Division, and for grounds hereof, respectfully states:

1. The above-captioned action, now pending in the Circuit Court for Jefferson County, Illinois, is a civil action filed by plaintiffs Mathew Sova and Marcy Sova against Defender Services, Inc. A copy of the court file, including Complaint and Summons, is attached hereto as Exhibit 1. Plaintiff's Complaint sounds in negligence and alleges a claim for injuries plaintiff Mathew Sova allegedly suffered as a result of a fall that occurred at Continental Tire plant in Mt. Vernon, Illinois on or about August 2, 2015.

2. Plaintiff's Complaint was filed on March 12, 2020, in the Circuit Court of Jefferson County as Cause No. 20-L-10. <u>See</u> Complaint, contained in the court file attached hereto and marked as Exhibit 1.

3. The present action is a civil action of which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

4. Plaintiffs were, at the time of the commencement of said action, and ever since has been, and still are, residents and citizens of the State of Illinois. <u>See</u> Complaint, Exhibit 1, ¶ 1.

5. Defendant Defender Services, Inc. is not a citizen of Illinois. Defender Services, Inc. is a corporation organized and existing under the laws of the State of South Carolina, with its headquarters and principal place of business in South Carolina.

6. Defendant reasonably believes that the damages sought by plaintiff are in excess of Seventy-Five Thousand Dollars ($75,000.00) and, therefore, the matter and amount in controversy in said action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

7. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint

does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006).

8. With regard to the issue of the amount in controversy, defendants direct the Court to the following facts: (1) The Complaint reflects that plaintiff is seeking in excess of $50,000; (2) Plaintiff alleges that he "sustained permanent and severe injuries to his shoulders, low back, neck and related areas"; (3) Plaintiff further alleges that he has experienced "extreme pain and mental suffering"; (4) Plaintiff further alleges that "he may experience severe pain, disability, anguish, medical bills and impairment in the future and/or for the remainder of his life, " and that he "may require convalescent care in the future for his injuries." (5) Plaintiff seeks recovery for medical bills, loss of income and disfigurement. See Complaint, Exhibit 1, ¶ 5. Moreover, while the Complaint does not specify the amount of plaintiff's past medical bills, defendant understands that plaintiff's medical bills total well over $75,000.

9. Defendant Defender Services, Inc. was served with plaintiff's Complaint on March 13, 2020. Therefore, defendant's Notice of Removal is timely and in accordance with the requirements of 28 U.S.C. § 1446(b).

10. This matter is not an action described in 28 U.S.C. § 1445.

11. Venue is proper in the United States District Court for the Southern District of Illinois.

12. Copies of all pleadings filed in this matter thus far in Jefferson County are attached hereto as Exhibit 1.

WHEREFORE, defendant Defender Services, Inc. respectfully requests that this Honorable Court accept jurisdiction of said action and for such further relief this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

/s/ John P. Cunningham
John P. Cunningham, #6193598
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for Defendant
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
618/235-5590; 618/235-5591 (Fax)
jcunningham@bjpc.com; smolla@bjpc.com
dseal@bjpc.com; dowens@bjpc.com

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 1st day of April, 2020 electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Brian M. Wendler
Angie M. Zinzilieta
Eric D. Jackstadt
Wendler Law, P.C.
900 Hillsboro Avenue, Suite 10
Edwardsville, IL 62025
wendlerlawpc@gmail.com

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

22655401.1