IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATHEW SOVA and MARCY SOVA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-323-RJD |
| | ) | |
| DEFENDER SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion for Leave to File Third Party Complaint (Doc. 17). Plaintiffs responded (Doc. 18) and Defendant filed a Reply (Doc. 19). As explained further, Defendant's Motion is **GRANTED**.

### Background

Plaintiffs originally filed suit against Defender Services, Inc. ("Defender") in St. Louis County, Missouri. Plaintiffs served Defender on February 17, 2017. In February 2020, Plaintiffs voluntarily dismissed the suit. Plaintiffs then filed this suit on April 1, 2020 in Jefferson County, Illinois, alleging that Plaintiff Mathew Sova was injured when he fell on a slippery floor while working at (and employed by) Continental Tire North America, Inc. ("Continental") in Mt. Vernon, Illinois. Plaintiffs further allege that Defender was responsible for cleaning the floor at Continental. Defender removed the suit to this Court, citing diversity as the basis for subject matter jurisdiction. On May 18, 2020, the Court entered a Scheduling Order, setting a June 15, 2020 deadline for filing amended pleadings. On June 11, 2020, Defendant filed the instant motion,

asking for leave to bring a third-party complaint against Continental. Plaintiffs object.

## Analysis

Federal Rule of Civil Procedure 14 provides that a defendant may file a third-party claim against a "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If more than 14 days have passed since the defendant filed its answer, it must first seek leave of court before filing the third-party complaint. *Id*. Leave should be granted so long as jurisdictional and venue requirements are met and the plaintiff is not unfairly prejudiced. *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299F.3d 643, 650 (7th Cir. 2002). Plaintiffs make no jurisdictional or venue arguments in their Response to Defender's Motion for Leave to File a Third-Party Claim against Continental.

Plaintiffs do, however, contend they will be unfairly prejudiced if Defender is granted leave to bring a third-party claim against Continental. Plaintiffs submitted documents establishing that Plaintiff Matthew Sova currently has a workers' compensation claim pending against Continental. Continental could potentially seek a lien against any recovery Plaintiff Matthew Sova receives from Defender. 820 ILCS 305/5(b). Plaintiffs correctly note that Continental's contribution liability in this matter may be limited to the amount of its workers' compensation lien. *Virginia Sur. Co., Inc. v. Northern Ins. Co. of New York*, 224 Ill.2d 550, 558 (Ill. 2007). Often referred to as the *Kotecki* cap on damages, Continental's contribution liability is capped at the amount the employer has paid or will pay in workers' compensation. *Baltzell v. R&R Trucking Co.*, 554 F.3d 1124, 1128 (7th Cir. 2009) (*citing Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 166 (1991)). Alternatively, Continental could waive its lien and "escape contribution liability altogether." *Id*. at 1128-29 (*citing LaFever v. Kemlite Co.,* 185 Ill. 2d 380, 403-04 (Ill. 1998)).

Plaintiffs envision a scenario where Continental, with nothing to lose but the amount it is

Page **2** of **5**

required to pay in workers' compensation, admits to the jury that it was at fault for Plaintiffs' injuries. Plaintiffs fear that in such a situation they could be left without a recovery in their suit against Defender. The Court is not convinced by this argument that Plaintiffs will be unfairly prejudiced. The Court cannot speculate as to how Continental will develop its trial strategy and as the Seventh Circuit has noted, it is not the Court's place to "dictate trial strategy to any litigant when that strategy is entirely consistent with controlling statutes and prior decisions of [the Illinois Supreme Court]. *Id*. at 1131 (*citing LaFever*, 185 Ill.2d at 404).   The controlling statutes and prior decisions by the Illinois Supreme Court allow Defender to seek contribution from Continental, and limit Continental's liability to the amount it pays in workers' compensation. *Id*. at 1127.

Plaintiffs make two other arguments in support of their contention that the Court should deny leave to Defender to bring the contribution claim against Continental. First, Plaintiffs argue that Defender's potential contribution claim against Continental is barred by the two-year statute of limitations for contribution claims. Plaintiffs contend that Defender's statute of limitations ran on February 17, 2019, two years from the date when Defender was served in Plaintiffs' Missouri state court suit. Plaintiffs do not explain how this issue unfairly prejudices them.

Regardless, it appears that Defender's contribution claim against Continental is not time barred. The applicable statute provides that no contribution action shall be brought more than two years after the party seeking contribution is served in the underlying suit or knew or should have known of the act giving rise to the contribution claim, *whichever is later*. 735 ILCS 5/13-204(b) (emphasis added). Defender was served with this suit on March 13, 2020, and it sought leave to file a third party claim approximately three months later, well within its two-year statute of limitations. Plaintiffs provide no case law that instructs this Court to use the date Defender was served in the Missouri state court case as the date on which the contribution statute of limitations

started running in this case, and without such authority, the Court declines to do so. *Contra Clean Harbors Envtl. Servs., Inc. v. ESIS, Inc.,* No. 14-C-4142, 2015 WL 128167, *2 (N.D. Ill. Jan. 8, 2015) (*citing Guzman v. C.R. Epperson Constr., Inc*., 196 Ill.2d 391, 400-01 (Ill. 2001)).

Finally, Plaintiffs argue that Defender agreed to an indemnification clause in its contract with Continental, and therefore Defender is the real party in interest, not Continental. Plaintiffs point to Federal Rule of Civil Procedure 17, which states "an action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a).   Rule 17(a) identifies which individuals can pursue a lawsuit in their own names without joining the beneficiary of the suit, and when an action may be dismissed "for failure to prosecute in the name of the real party in interest." Rule 17(b) identifies which law should be used to determine capacity to sue or be sued. Rule 17(c) identifies who can sue or defend on behalf of a minor or other person with a disability. There are no provisions in Rule 17 that address whether a defendant/potential third party plaintiff who agreed to indemnify a potential third-party defendant is barred from bringing a third-party claim against that party. *See* FED. R. CIV. P. 17. Plaintiffs do not point the Court to any case law interpreting Rule 17 in this manner. Consequently, the Court finds no basis to deny Defender's motion under Rule 17.

### Conclusion

For the reasons set forth above, Defendant's Motion for Leave to File a Third-Party Complaint is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:   July 27, 2020**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**